**Leon GARFIELD, Plaintiff–Appellant,**

v.

**FEDERAL PRISON INDUSTRIES, INC., Defendant–Appellee.**

No. 00–3708.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

Leon Garfield, a federal prisoner proceeding pro se, appeals a district court order and judgment dismissing his civil rights complaint construed as brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Garfield contends that he has worked for Unicor, Inc., a branch of Federal Prison Industries (FPI), for over 75 months. Most recently, he began working for Unicor upon his arrival at FCI Elkton in May 1998. On September 30, 1998, he was given a notice of termination for his alleged (and disputed) failure to meet job production standards. Garfield was rein-stated by Unicor on February 12, 1999, but was denied longevity pay and credit for his prior employment with Unicor. Garfield claims that this denial is contrary to his rights under Bureau of Prisons (BOP) regulations and seeks his proper rate of pay, back pay and proper credit.

The district court summarily dismissed Garfield's complaint pursuant to 28 U.S.C. § 1915(e) in a memorandum and order entered on April 6, 2000. The district court found that Garfield's complaint lacked an arguable basis in law because BOP regulations specifically provide that, subject to certain exceptions not applicable in this case, an inmate whose prison employment is interrupted loses all longevity credit and does not retain his pay grade. A separate judgment was entered the same day.

On appeal, Garfield argues that the district court erred by: (1) dismissing his complaint without giving him an opportunity to cure any pleading deficiencies; and (2) finding that his complaint lacked an arguable basis in law where the defendant failed to comply with BOP regulations and wrongfully denied him longevity pay and credit for prior work.

Upon review, we affirm the district court's order. This court reviews *de novo* a district court's dismissal of a complaint under § 1915(e)(2) as frivolous or for failure to state a claim upon which relief may be granted. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous if it has no arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Although he did not expressly state the legal theory under which he brought his complaint, Garfield noted that a prior ac-

---

* The Honorable Avern Cohn. United States District Judge for the Eastern District of Michigan, sitting by designation.

tion (presumably habeas corpus) was dismissed with the district court suggesting that the proper procedure was to bring an action under 42 U.S.C. § 1983. In addition, Garfield stated that he was "challeng[ing] a condition of his incarceration," for which the typical vehicle is a civil rights lawsuit. However, because Garfield is a federal prisoner, his complaint is construed as brought under *Bivens*, rather than under § 1983.

■ Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies, even in money damages cases, before filing in federal court a civil rights action challenging the conditions of his confinement. *See Wyatt v. Leonard*, 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. *See Brown*, 139 F.3d at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *See id.* The prisoner "cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt*, 193 F.3d at 878; *Brown*, 139 F.3d at 1104. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e."

*Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000), *petition for cert. filed* (Sep. 12, 2000) (No. 00–6553). The § 1997e exhaustion requirement applies to *Bivens* actions brought by federal prisoners, even if they seek both equitable and monetary relief. *Lavista v. Beeler*, 195 F.3d 254, 256–57 (6th Cir.1999).

■ Garfield has failed to comply with these requirements. Although he asserted that he "exhausted [his] administrative remedies," he did not attach copies of any grievances he may have filed regarding this claim or the administrative determinations as to those grievances. Moreover, there is no indication that he appealed the denial of any grievance as required. For this reason, the district court should not have considered the merits of Garfield's claim, but should have dismissed it for failure to exhaust.

■ Nonetheless, this court will affirm the district court's judgment because Garfield's claim, on its face, satisfies 42 U.S.C. § 1997e(2), which permits dismissal on the merits without requiring exhaustion if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See Brown*, 139 F.3d at 1104. The district court properly concluded that Garfield's complaint, on its face, lacks an arguable basis in law for the reasons stated in its memorandum and order. Accordingly, this action is frivolous within the meaning of § 1997e(2).

■ In his brief on appeal, Garfield also argues that the district erred in dismissing his complaint without giving him the opportunity to amend. However, the district court had no discretion to permit him to amend his complaint to avoid a *sua sponte* dismissal. *See McGore*, 114 F.3d at 612.

Accordingly, the district court's judgment, entered on April 6, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.