**Paul LAVISTA, Plaintiff–Appellant,**

v.

**A.F. BEELER, et al., Defendants–Appellees.**

**No. 97–6295.**

United States Court of Appeals, Sixth Circuit.

Submitted: Aug. 12, 1999

Decided and Filed: Oct. 26, 1999

Thomas J. Banaszynski (briefed), Gittleman & Barber, Louisville, KY, for Appellant.

Frances E. Catron (briefed), Office of the U.S. Attorney, Lexington, KY, for Appellees.

Before: MERRITT, KENNEDY, and DAUGHTREY, Circuit Judges.

## OPINION

MERRITT, Circuit Judge.

Plaintiff Paul Lavista, a federal inmate confined at the Federal Medical Center– FMC Lexington at the time he filed this complaint, appeals the dismissal of his civil rights action for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).[1] Plaintiff brought claims against named and unnamed defendants, all in their official and individual capacities, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Americans with Disabilities Act, 42 U.S.C. §§ 12101– 12213, the Rehabilitation Act of 1973, 28 U.S.C. § 794(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, alleging, *inter alia*, denial of medical care, sexual harassment and sexual assault, destruction of personal property and retaliation during his incarceration at FMC–Lexington.

Plaintiff is legally blind and wheelchair bound. His allegations of misconduct and violations of his constitutional rights during his incarceration are numerous and will be mentioned only briefly here. Many of his claims revolve around the allegation that the facility is not equipped for a visually-impaired person in violation of the Americans with Disabilities Act—for example plaintiff claims that he is repeatedly robbed by fellow inmates and staff at the

---

**1.** The new statute provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (as amended by the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996)).

facility because he cannot see, he is forced to sign documents he cannot read and he claims the facility is simply not equipped to provide for his needs or safety as a visually-impaired person. He also claims that he was sexually assaulted on at least two occasions by a prison employee and then threatened with retaliation if he reported the assaults. Plaintiff contends that he has suffered severe emotional distress as a result of the assaults and that the facility has been deliberately indifferent to his medical needs. Plaintiff also claims that he has had his tape recorder confiscated, and that he was "maliciously" placed in segregation. The defendants have denied all of plaintiff's allegations.

The district court, adopting the Magistrate Judge's Report and Recommendation, held that plaintiff's claims against the defendants in their official capacities for damages were dismissed as barred by the doctrine of sovereign immunity,[2] and the claims for declaratory and injunctive relief, as well as the claims against prison employees in their individual capacities, were dismissed without prejudice on the basis of plaintiff's failure to exhaust administrative remedies. Order dated Sept. 17, 1997.

The primary issue presented in this appeal is whether a federal inmate filing a complaint pursuant to *Bivens*, seeking monetary, injunctive and declaratory relief, must first exhaust his or her administrative remedies under § 1997e(a) of the Prison Litigation Reform Act of 1996. Defendants contend that the exhaustion requirement applies to plaintiff's claims and his complaint was properly dismissed for failure to exhaust administrative remedies. Plaintiff argues that exhaustion of his administrative remedies through the Bureau of Prisons is not required and the district court erred in dismissing his complaint.

■ Plaintiff's first argument is that § 1997e does not apply to federal prisoners. Before passage of the Reform Act, § 1997e applied only to state prisoners

because the statute addressed only state action. *See McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). However, the plain language of the new statute and the legislative history of the Reform Act indicate that Congress intended that all prisoners, including federal prisoners, be required to exhaust their available administrative remedies before bringing a *Bivens* claim in federal court. As one congressman stated during floor debate, "[t]he new administrative exhaustion language in [the Reform Act] will require that all cases brought by Federal inmates contesting any aspect of their incarceration be submitted to the administrative remedy process before proceeding to court." 141 Cong. Rec. H14078-02, H141105 (daily ed. Dec. 6, 1995) (remarks of Congressman Lobiondo); *see also Garrett v. Hawk*, 127 F.3d 1263, 1265–66 (10th Cir.1997).

Plaintiff also contends that because he cannot receive monetary damages through the Bureau of Prisons Administrative Remedy Program he has no "available" remedy under the Reform Act. The case on which plaintiff relies, however, and under which he conducts his analysis, *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), is no longer controlling in light of the exhaustion requirement in § 1997e(a) as amended. *McCarthy* held that federal prisoners bringing a *Bivens* action that sought only money damages were not required to exhaust the Bureau of Prisons grievance procedure. *McCarthy* withheld ruling on whether exhaustion would be required where a federal prisoner sought injunctive or other relief, in addition to monetary relief, like the plaintiff herein. Finally, *McCarthy* recognized that when Congress specifically mandates exhaustion, it is required and the courts may not excuse the requirement. With the passage of the Reform Act, Congress has now specifically mandated the exhaustion of remedies through the prison grievance system.

**2.** Plaintiff has not pursued this issue on appeal. Plaintiff's Brief at 13.

Even before passage of the Reform Act, this Court held that federal prisoners seeking injunctive relief must exhaust administrative remedies before coming to federal court, even if the prisoner also asserts a claim for monetary damages. *Davis v. Keohane*, 835 F.2d 1147, 1148 (6th Cir.1987).

■ Every circuit court that has addressed the issue has held that if a federal prisoner asserts a *Bivens* claim seeking *both* injunctive and monetary relief, like plaintiff here, exhaustion through the Bureau of Prison's grievance procedure is required for at least those claims seeking nonmonetary relief. *Rumbles v. Hill*, 182 F.3d 1064 (9th Cir.1999) (extending reasoning in prior *Bivens* action to § 1983 suit by state prisoner); *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir.1998); *Whitley v. Hunt*, 158 F.3d 882, 886 (1998); *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir.1997). There is a split in the circuits regarding whether a federal prisoner seeking *only* monetary damages must exhaust administrative remedies before filing a *Bivens* action in federal court. Three circuits have held in *Bivens*-type actions by federal prisoners that exhaustion in money damages cases is unnecessary because federal prison regulations do not allow for administrative review at all if the federal prisoner seeks damages. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir.1998); *Lunsford v. Jumao-As*, 155 F.3d 1178 (9th Cir.1998); *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir. 1997). In contrast, the Eleventh Circuit has held that even where the federal prison system denies review in such money damages cases, the federal prisoner must still attempt to have his complaint reviewed. *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir.1998); *see also Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir.1999) (state prisoner seeking only monetary damages, which state system does not provide, must exhaust administrative remedies).

■ Although it may make sense to excuse exhaustion of the prisoner's complaint where the prison system has a flat rule declining jurisdiction over such cases, it does not make sense to excuse the failure to exhaust when the prison system will hear the case and attempt to correct legitimate complaints, even though it will not pay damages. *Wyatt v. Leonard*, 193 F.3d 876, 878–79 (6th Cir.1999). Here, because plaintiff seeks injunctive and declaratory relief, as well as monetary damages, he may be successful in having the Bureau of Prisons at least review its policies and procedures concerning disabled persons at their facilities. If so, presenting his claims to the Bureau of Prisons first would not be futile, even if he cannot receive monetary damages.[3]

■ Plaintiff also contends that because he commenced an administrative claim under the Americans with Disabilities Act by sending a letter to the Americans with Disabilities Board in February 1996 (J.A. at 172), before passage of the Prison Litigation Reform Act, he should not also be required to seek relief from the Bureau of Prisons. Congress intended the exhaustion requirement to apply to the *prison's* grievance procedures, regardless of what other administrative remedies might also be available. In addition, there is no indication that simply filing a letter with the Americans with Disabilities Board satisfies the exhaustion requirement in the Ameri-

---

3. We note that plaintiff suggests that money damages may be his only relief for redress of the injuries alleged because he has been moved to a halfway house—apparently implying that any injunctive or declaratory relief would no longer affect him. He also indicates that this move might "moot" the exhaustion requirement. Plaintiff's Brief at 24 n. 5. First, the regulations state that the Administrative Remedy Program applies to former inmates for issues that arose during their confinement. 28 C.F.R. § 542.10. In addition, at the time he filed his brief he was still incarcerated at a federal facility. Accordingly, it would seem that plaintiff still has the Bureau of Prisons administrative program at his disposal. As to any change in the type of relief sought by plaintiff, that issue is not squarely before us today and we must rely on the complaint and the record as it is.

can with Disabilities Act. A "right-to-sue" letter is generally the triggering mechanism under the ADA and plaintiff does not indicate that he received such a letter. *See* 42 U.S.C. § 12117(a).

Plaintiff also contends that the Rehabilitation Act does not require exhaustion for persons who are not federal employees. As discussed above, this misses the point— § 1997e(a) requires all *prisoners* to exhaust all available administrative remedies by bringing the problem to the attention of the proper prison authority through the prison's grievance procedures before proceeding with a federal cause of action.

Next, plaintiff states that his resort to administrative remedies concerning the inadequacy of the FMC facility for handicapped persons, particularly the blind, has proven "futile." Plaintiff's Brief at 18. The record before us does not demonstrate that plaintiff has ever brought these issues before the Bureau of Prisons, outside of one alleged oral communication to the warden the day before he wrote a letter to the Americans with Disabilities Board. (J.A. at 176) Accordingly, plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act are dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

To the extent that plaintiff is arguing that the events giving rise to his claims occurred before passage of the Reform Act, a review of plaintiff's complaint indicates one of his sexual harassment claims may have arisen in April of 1995. If the time to bring that claim under the Bureau of Prisons regulations expired before passage of the Reform Act in April 1996, plaintiff need not exhaust administrative remedies as to that claim. *Bibbs v. Zummer*, No. 97–2112, 1999 WL 68573 (6th Cir. Jan. 21, 1999). However, given that plaintiff seems to allege a pattern of ongoing harassment that continued beyond passage of the Reform Act in 1996, the time for bringing this claim may not have expired before April 26, 1996 and the Bureau of Prisons may hear the claim. In addition, the regulations state that the time may be extended if the inmate demonstrates a valid reason for the delay. 28 C.F.R. § 542.14(b). If the Bureau of Prisons informs plaintiff that the time to bring this claim expired before passage of the Reform Act, plaintiff may bring this claim in federal court.

Because we hold that plaintiff must attempt to exhaust his administrative remedies before coming to federal court, we do not reach the other issues raised by plaintiff on appeal. The judgment of the district court is affirmed.