William H. COVELL, Plaintiff–Appellant,

v.

Joseph SCIBANA, Warden, et al., Defendants–Appellees.

No. 00–1877.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

292

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

This is an appeal from a judgment for the defendants in this prisoner civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 8, 1999, former federal inmate William H. Covell filed a civil rights action for monetary damages against several prison officials, entities and medical personnel pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The defendants eventually moved for summary judgment and, in three separate reports, the magistrate judge to whom the matter was assigned recommended that judgment be entered for the defendants. The district court adopted the first two recommendations in their entirety and adopted in part and rejected in part the third, all without any objection from Covell.

Covell was incarcerated at the Federal Corrections Institution, Milan, Michigan from December 29, 1997, through December 31, 1998. Immediately prior to his release, Covell filed a civil rights complaint under *Bivens* for monetary damages and injunctive relief. This complaint was received in the district court prior to Covell's release. Covell contended that he had shoulder injuries and an abdominal hernia that required medical treatment while he was incarcerated, but that the named prison officials and entities deliberately ignored his conditions in violation of Covell's Eighth Amendment rights and other federal statutes. The complaint does not indicate that Covell pursued any prison administrative remedies before filing his federal action.

The various defendants responded and moved for summary judgment or dismissal. The magistrate judge to whom the matter was assigned issued two recommendations in which he concluded that every defendant was entitled to some form of judgment with the exception of the alleged treating physician, Dr. Parker. The district court adopted these recommendations in a summary order and without objection from Covell. The parties then engaged in responsive pleading, after which the magistrate judge recommended that Dr. Parker's motion for summary judgment should be granted on the merits of the Eighth Amendment claim. Covell did not object to this recommendation. The district court concluded that Covell's complaint, having been delivered to prison officials for mailing before Covell's discharge from prison, was subject to the exhaustion provisions of the Prison Litiga-

tion Reform Act ("PLRA"). The court then noted that Covell had never made any attempt to plead or prove that he had exhausted the prison's administrative remedies prior to filing his complaint. The court thus concluded that "because [Covell] failed to exhaust administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a), his Complaint must be dismissed."

The district court properly ordered the complaint dismissed for Covell's failure to plead and prove the exhaustion of prison administrative remedies. The Bureau of Prisons maintains an Administrative Remedy Program to address the concerns of federal inmates. *See* 28 C.F.R. § 542.10, *et. seq.* The PLRA requires state and federal prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. See 42 U.S.C. § 1997e(a); *Lavista v. Beeler,* 195 F.3d 254, 256 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The exhaustion requirement of § 1997e applies to Eighth Amendment claims even if money damages are not available through the administrative process, *see Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown,* 139 F.3d at 1104.

An examination of the record before this court supports the district court's observation that Covell utterly failed to plead or prove he exhausted his administrative remedies prior to filing the present complaint although, at that time, he was still incarcerated at a federal facility. Indeed, the fact that Covell is not incarcerated is of no moment in this context as the applicable regulations state that the Administrative Remedy Program applies to former inmates for issues that arose during their confinement. 28 C.F.R. § 542.10. The district court thus properly found that the entire complaint was subject to dismissal under the exhaustion requirement of the PLRA.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.