**Robert L. SMITH, Jr.; Larry Coulter,**
**Plaintiffs–Appellants,**

**v.**

**Don SUNDQUIST, Governor; J. Wilder, Lt. Governor; Tennessee Department of Corrections, Commissioner, Tennessee Department of Corrections; State of Tennessee Department of Corrections; John Furgerson, CEO,**

**Corrections Corporation of America; Corrections Corporation of America; Larry Craven, Warden; Randy Eckman, Assistant Warden; Kenny Haggard; Brandon Moore; Shawny Scott, Defendants–Appellees.**

No. 01–6066.

United States Court of Appeals, Sixth Circuit.

April 29, 2002.

———

Before DAUGHTREY and MOORE, Circuit Judges; SIMPSON, District Judge.*

* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

These pro se Tennessee state prisoners appeal a district court judgment dismissing their civil rights suit brought pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages and injunctive relief, Robert L. Smith, Jr., and Larry Coulter filed a complaint naming as defendants the Governor of Tennessee (Don Sundquist), the Lieutenant Governor of Tennessee (J. Wilder), the Commissioner of the Tennessee Department of Corrections (Donal Campbell), the chief executive officer of Corrections Corporation of America (John D. Furgerson), the warden of the Hardeman County Correctional Facility (Larry Craven), two associate wardens (Randy Eckman and Kenny Haggard), an assistant supervisor and disciplinary hearing officer (Brandon Moore), and a senior officer and assistant disciplinary hearing officer (Shawny Scott). The plaintiffs claimed that: 1) they suffered physical abuse and the excessive use of force; 2) they were denied medical treatment; 3) they were victims of extortion and the theft of money and property; 4) the defendants were deliberately indifferent to racially motivated assaults among different groups of prisoners; 5) they were not assigned jobs; 6) they were denied access to the law library; 7) they were retaliated against for the filing of grievances and lawsuits; 8) they were served unsanitary food; and 9) they were afforded few education opportunities or rehabilitation programs.

The district court dismissed the complaint without prejudice because the defendants failed to demonstrate that they had exhausted their administrative remedies.

Upon review, we conclude that the district court properly ordered the complaint dismissed for plaintiffs' failure to plead and prove the exhaustion of prison administrative remedies. State and federal prisoners desiring to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *See id.* Although money damages may not be available through the prison grievance process, a prisoner must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir.1999). The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir.1999).

Plaintiffs have not met the burden of demonstrating that they exhausted all of their available administrative remedies. The Tennessee Department of Corrections maintains an administrative remedy program to address the concerns of inmates. Inmate grievances may be appealed through a three-tiered review system.

The complaint in this case is completely silent with respect to any effort by plaintiffs to grieve, appeal, or otherwise exhaust their administrative remedies with respect to any aspect of their claims. Thus, the plaintiffs have not satisfied their burden of demonstrating that they exhausted their administrative remedies. *See Curry v. Scott,* 249 F.3d 493, 503–04 (6th Cir.2001).

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.