Prince Adesegun FADYIRO,
Plaintiff–Appellant,

v.

John ASHCROFT, Defendant–Appellee.

No. 01–6316.

United States Court of Appeals,
Sixth Circuit.

June 7, 2002.

Before KRUPANSKY and COLE,
Circuit Judges; and DUGGAN, District
Judge.*

*ORDER*

Prince Adesegun Fadayiro, a pro se fed-
eral prisoner, appeals a district court judg-
ment dismissing his civil rights action filed

* The Honorable Peter C. Economus, United
States District Judge for the Northern District
of Ohio, sitting by designation.

* The Honorable Patrick J. Duggan, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

pursuant to the doctrine set forth in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Fadayiro sued the United States Attorney General (John Ashcroft), the warden at the Federal Medical Center at Lexington, Kentucky (Maryellen Thoms), and other unnamed Bureau of Prisons employees in their individual and official capacities. Fadayiro also named "Overcrowding of Federal Inmates" as a defendant.

In response to Fadayiro's failure to pay the $150.00 filing fee, the district court entered a deficiency order. In that order, the court specifically noted that the complaint lacked a certificate of inmate account form to support a motion to proceed in forma pauperis and lacked any documentation indicating that Fadayiro's administrative remedies had been exhausted. The district court provided Fadayiro with a form for curing the financial deficiency, informed Fadayiro of the consequences of non-compliance, and granted him thirty days in which to cure the deficiencies.

On September 10, 2001, the district court dismissed Fadayiro's complaint for failure to comply with the district court's July 30, 2001, deficiency order. Thereafter, the district court denied Fadayiro's motion to alter or amend its judgment filed pursuant to Fed.R.Civ.P. 59(e). Fadayiro appeals.

This court reviews for an abuse of discretion a district court's dismissal of a suit for want of prosecution under Fed.R.Civ.P. 41(b). *Link v. Wabash R.R.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962);

*Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999); *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.1991). Under the Prison Litigation Reform Act, a prisoner bringing a civil action in forma pauperis must file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a). If the prisoner does not pay the full filing fee and fails to provide the required documentation to apply to proceed in forma pauperis, "the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee." *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir.1997). "If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper," assess the full filing fee, and dismiss the case for want of prosecution. *Id.*

Upon review, we conclude that the district court did not abuse its discretion when it dismissed Fadayiro's complaint for want of prosecution. *See Link,* 370 U.S. at 633; *Knoll,* 176 F.3d at 363; *McGore,* 114 F.3d at 605. The deficiency order clearly stated the documentation that must be submitted in order to apply to proceed in forma pauperis. The order also expressly warned Fadayiro that failure to comply with the order would result in the dismissal of his case for want of prosecution. Despite the deficiency order, Fadayiro failed to provide a certificate of inmate account for the six months preceding the filing of his complaint. Because Fadayiro failed to pay the filing fee or timely submit the required documentation to the district court in order to apply to proceed in forma pauperis, his complaint was subject to dismissal for want of prosecution.

In addition, Fadayiro's complaint was subject to dismissal for his failure to ex-

haust the Bureau of Prisons (BOP) administrative process before filing suit. Fadayiro did not allege or demonstrate that he completed the steps in the BOP's Administrative Remedy Program. *See* 28 C.F.R. § 542.10. State and federal prisoners desiring to bring civil rights claims must exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir.1999). Because Fadayiro failed to do so, the district court properly dismissed his claims. *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999); *Lavista*, 195 F.3d at 258. The warden's response to Fadayiro's allegation of prison overcrowding is dated a month after Fadayiro filed the instant complaint. Thus, Fadayiro clearly had not exhausted his available administrative remedies prior to filing suit in federal court.

Accordingly, we hereby affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.