Eric **WILLIAMSON**, Plaintiff–
Appellant,

v.

Donal **CAMPBELL**, Commissioner of Tennessee Department of Corrections; John Rollins, I.A., STSRCF; Jim Rose, Asst. Commissioner T.D.O.C.; James Bowlen, Warden, STSRCF, Defendants–Appellees.

No. 02–5104.

United States Court of Appeals,
Sixth Circuit.

Aug. 12, 2002.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; and LITTLE, District Judge.*

### ORDER

Eric Williamson, a Tennessee prisoner proceeding pro se, appeals a district court summary judgment for the defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking equitable and monetary relief, Williamson sues several officials and employees of the Tennessee Department of Corrections ("TDOC") claiming that he has been denied due process by the defendants due to their discriminatory actions of placing derogatory and false information in his prison file following an investigation for an escape attempt. He also claims that his right to equal protection of the laws was violated when he was subjected to racial discrimination by the defendants removing the alleged derogatory and false information from the files of white inmates, returning white inmates to the Annex after the investigation, and denying African American inmates the same benefit. Williamson filed a motion to amend his complaint contending that he was subjected to a retaliatory transfer, which the district court denied because Williamson failed to exhaust his administrative remedies.

The defendants filed a motion for summary judgment on Williamson's claims and Williamson responded. In a memorandum filed November 21, 2001, the district court granted the defendants' motion for summary judgment. This timely appeal followed.

Upon de novo review, *see Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment essentially for the reasons stated by the district court in its memorandum filed November 21, 2001, with the exception of the equal protection claim. Williamson's equal protection claim is that he was not returned to the Annex upon the completion of the escape attempt investigation because of his race. While this claim was not exhausted because Williamson failed to grieve this claim through the prison grievance system, *see* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir.1999), exhaustion is not necessary because the claim is

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

facially frivolous. *See* 42 U.S.C. § 1997e(c)(2). Williamson admits in his pleadings that he did not want to be returned to the Annex upon the completion of the escape attempt investigation. Accordingly, Williamson's equal protection claim is dismissed as frivolous pursuant to 42 U.S.C. § 1997e(c)(2).

The defendants carried their initial burden of establishing an absence of evidence to support Williamson's claim regarding the placement of false and derogatory information in his inmate file. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). It is undisputed that Williamson's file does not contain any information regarding an alleged attempt escape from Southeast Tennessee Regional Correctional Facility.

█ Finally, the defendants were entitled to judgment as a matter of law on Williamson's due process claim because Williamson has no constitutional right to be confined in a particular institution or to enjoy a certain classification. *See Olim v. Wakinekona,* 461 U.S. 238, 245–46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Beard v. Livesay,* 798 F.2d 874, 876 (6th Cir.1986). Furthermore, Williamson's transfer from the Annex to the main compound during the investigation is simply an ordinary incident of prison life which does not implicate an inmate's protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

The remaining arguments on appeal are without merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.