**Author Ray TURNER, Plaintiff–Appellant,**

**v.**

**Donal CAMPBELL, Commissioner, Tennessee Deaprtment of Correction; Jay Dukes; John Cole; Elmer Green; Bruce Westbrook; Stewart, A.W.O.; Don Willie, F.N.P.; Larry Adkisson; Billy Kent, Defendants–Appellees.**

**No. 02–5198.**

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

This pro se Tennessee state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Author Ray Turner sued the Commissioner of the Tennessee Department of Correction (Donal Campbell), the warden of the West Tennessee State Prison (Jay Dukes), and seven prison employees (John Cole, Elmer Green, Bruce Westbrook, Warden Stewart, Don Willie, Larry Adkisson, and Billy Kent), in their official and individual capacities. Turner claimed that 1) defendant Willie gave him improper directions for taking medication which led to him having a seizure and losing consciousness; 2) defendants Adkisson and Green improperly attempted to make him walk to a wheelchair; 3) defendant Kent verbally harassed him while he was in a semi-conscious state in the hospital; and 4) the supervisory defendants improperly trained their subordinates.

The district court dismissed the complaint without prejudice because Turner failed to demonstrate that he had exhausted his administrative remedies.

In his timely appeal, Turner essentially reasserts the claims that he set forth in the district court.

Upon review, we conclude that the district court properly ordered the complaint dismissed for Turner's failure to plead and prove the exhaustion of prison administrative remedies. State and federal prisoners desiring to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir.1999). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *See id.* Although money damages may not be available through the prison grievance process, a prisoner must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir.1999). The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir.1999).

The record reveals that Turner has not met the burden of demonstrating that he exhausted all of his available administrative remedies. The Tennessee Department of Correction maintains an administrative remedy program to address the concerns of inmates. Inmate grievances may be appealed through a three-tiered review system. Although Turner claims to have filed a grievance, and alleges that the grievance was dismissed on all appeals,

Turner has not attached any documentation revealing what particular claims were presented in the grievance or any responses to those claims. Thus, Turner has not satisfied his burden of demonstrating that he exhausted his administrative remedies. *See Curry v. Scott,* 249 F.3d 493, 503–04 (6th Cir.2001).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.