Orlando SUAZA, Plaintiff–Appellant,

v.

Officer McKINNEY, et al., Defendants–Appellees.

No. 02–3447.

United States Court of Appeals, Sixth Circuit.

Dec. 6, 2002.

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

Orlando Suaza, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking 2.5 million dollars in damages, Suaza sued Officer McKinney of the Federal Correctional Institution at Elkton, and the prison, alleging that McKinney was

deliberately indifferent to his serious medical needs by assigning him to an outside work detail despite a medical restriction for inside job assignment during cold weather. The district court concluded that Suaza had not exhausted his administrative remedies prior to filing suit and dismissed the case without prejudice. Suaza appeals.

Upon review, we conclude that the district court properly ordered the complaint dismissed for Suaza's failure to plead and prove the exhaustion of prison administrative remedies. State and federal prisoners desiring to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir.1999). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *See id.* Although money damages may not be available through the prison grievance process, a prisoner must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir.1999). The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposi-tion of his claims. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir.1999).

Suaza has not met the burden of demonstrating that he exhausted all of his available administrative remedies. Although Suaza claims that he "took all necessary steps to have this matter taken care of at the institutional level," Suaza has not attached any documentation revealing what particular claims were presented in the grievance or any responses to such claims. Thus, Suaza has not satisfied his burden of demonstrating that he exhausted his administrative remedies. *See Curry v. Scott*, 249 F.3d 493, 503–04 (6th Cir.2001).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.