**Paul C. KESTERSON, Plaintiff–Appellant,**

v.

**FEDERAL BUREAU OF PRISONS; Maryellen Thoms, et al., Defendants–Appellees.**

No. 02–5629.

United States Court of Appeals, Sixth Circuit.

April 2, 2003.

Before BOGGS and SILER, Circuit Judges; and STEEH, District Judge.*

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Paul C. Kesterson, a federal prisoner proceeding pro se, appeals a district court order and judgment dismissing his civil rights complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kesterson alleges that his rights and entitlements pursuant to the following federal and state constitutions and federal and state laws have been violated: (1) the equal protection components of the Fifth and Eighth Amendments of the United States Constitution; (2) various rights afforded by the Constitution of the Commonwealth of Kentucky; (3) the Eighth Amendment's protection against cruel and unusual punishment under the United States Constitution; (4) the Kentucky Workmen's Compensation Act; (5) the Americans with Disabilities Act; (6) the Federal Disabilities Act of July 29, 1990; (7) various unspecified federal and state laws; (8) the Eighth Amendment of the United States Constitution's protections against deliberate indifference being exhibited to serious medical needs; and (9) state tort claims of negligence. Basically, Kesterson complains that he has not been afforded the deference and treatment and pain medication to which he asserts he is entitled, given the physical maladies he claims he suffers. Kesterson seeks declaratory, injunctive and monetary relief, against a host of named individuals with the Federal Bureau of Prisons, the Federal Medical Center in Lexington, Kentucky, and the University of Kentucky Anesthesiology Department. The defendants are sued in their individual and official capacities.

The district court granted Kesterson in forma pauperis status, screened the complaint, and dismissed the case without prejudice. The court held that Kesterson had failed to exhaust his administrative remedies with respect to his Bivens claims. *See* 42 U.S.C. § 1997e(a). This timely appeal followed.

This court reviews the district court's interpretation of the Prison Litigation Reform Act (PLRA) de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).

Upon review, we conclude that the district court properly held that Kesterson failed to exhaust his administrative remedies with respect to his Bivens claims. The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999). The provisions of § 1997e(a) apply to both state and federal prisoners. *See Lavista v. Beeler,* 195 F.3d 254, 256 (6th Cir.1999). The prisoner must plead his claims with specificity and demonstrate that he has exhausted all available administrative remedies by attaching the decision containing the administrative disposition of his grievance to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998). The prisoner has the burden of

demonstrating that he has exhausted these remedies. *See Brown,* 139 F.3d at 1104. Unexhausted claims should be dismissed without prejudice. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir.1999).

Kesterson did not exhaust his administrative remedies. Federal prisoners raise grievances through the Bureau of Prison's Administrative Remedy Program. *See* 28 C.F.R. § 542.10, et seq. Under the program, inmates first present their concerns informally to staff. *See* 28 C.F.R. § 542.13. If the issue is not resolved, the next step is to submit a Request for Administrative Remedy. *See* 28 C.F.R. § 542.14. An inmate who is not satisfied with the warden's response may appeal to the regional director, and appeal the regional director's decision to the general counsel. *See* 28 C.F.R. § 542.15(a). Appeal to the general counsel is the final administrative appeal. *See id.*

Kesterson has not appended to his complaint any documentation to establish that he has, in fact, accomplished that which he claims. He also fails to describe with specificity any administrative proceeding and its outcome. As Kesterson has failed to append to his complaint any documentation substantiating his claim that he has sufficiently exhausted his administrative remedies regarding his claims, the civil rights action was properly dismissed without prejudice.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.