**George BUTLER, Jr., Plaintiff–Appellant,**

**v.**

**Brian GARDNER, et al., Defendants–Appellees.**

No. 02–3911.

United States Court of Appeals, Sixth Circuit.

July 30, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

## ORDER

This pro se federal prisoner appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, George Butler, Jr., sued the Corrections Corporation of America (CCA), the Northeast Ohio Correctional Center (NEOCC), Brian Gardner, the Warden of NEOCC, Dr. Phillip Malvasi, EMSA Correctional Care, Inc., Prison Health Services, Inc., Dr. John Doe, and Dr. Christenser. Butler claimed that while he was a prisoner in the NEOCC, he was subjected to deliberate indifference to his serious medical needs due to inadequate and improper medical care in violation of the Eighth

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Amendment to the United States Constitution.

The magistrate judge, hearing the case by consent of the parties, dismissed Butler's complaint without prejudice for failure to exhaust administrative remedies.

On appeal, Butler reasserts the claims set forth in the district court and contends that he had filed a written grievance within NEOCC relating to his claims in the complaint and that he had received a response.

The record reveals that Butler failed to demonstrate that he exhausted his administrative remedies for his claims. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The provisions of § 1997e(a) apply to both state and federal prisoners. *Lavista v. Beeler,* 195 F.3d 254, 256 (6th Cir. 1999). The prisoner must plead his claims with specificity and demonstrate that he has exhausted all available administrative remedies by attaching the decision containing the administrative disposition of his grievance to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown,* 139 F.3d at 1104. In his complaint, Butler alleged that he had filed a grievance, but he did not attach copies of any grievances or responses or describe the administrative proceedings. *See Knuckles El,* 215 F.3d at 642; *Brown,* 139 F.3d at 1104. In his brief in opposition to defendants' motion to dismiss, Butler did not even discuss the issue of failure to prove exhaustion of administrative remedies and provided no attachments showing that he had exhausted his administrative remedies. Thus, Butler did not establish that he exhausted his administrative remedies with respect to his claims.

The district court appropriately dismissed Butler's complaint without prejudice. When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997) (order).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.