Kenneth A. HINTON, Petitioner–
Appellant,

v.

Gwen PARSONS, Officer Specialist,
Respondent–Appellee.

No. 03–3365.

United States Court of Appeals,
Sixth Circuit.

Sept. 8, 2003.

873

Kenneth A. Hinton, Pro Se, Winton, NC, for Petitioner–Appellant.

Steven J. Paffilas, U.S. Attorney's Office, Cleveland, OH, for Respondent–Appellee.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

### ORDER

Kenneth A. Hinton, a federal prisoner proceeding pro se, appeals the district court order dismissing his action construed as filed under 28 U.S.C. § 2241 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking one million dollars in damages and the restoration of good-time credits, Hinton sued Gwen Parsons, Senior Officer Specialist at FCI Elkton where Hinton is incarcerated. Hinton alleged that Parsons violated his Eighth Amendment rights and caused him to forfeit good-time credits. Hinton moved for the appointment of counsel. Parsons filed a motion to dismiss and/or for summary judgment. The district court granted summary judgment to Parsons, concluding that Hinton did not have a *Bivens* claim because he did not exhaust his administrative remedies, and that there was sufficient evidence to uphold the disciplinary sanction of the loss of good-time credits.

In his timely appeal, Hinton argues that the district court erred by: (1) failing to rule on his motion for the appointment of counsel; (2) denying him the opportunity for an evidentiary hearing concerning the exhaustion of available administrative remedies; and (3) denying him the opportunity to present additional evidence regarding claims concerning retaliation by Bureau of Prisons and Department of Justice officials who removed documents and information from Hinton's records. Hinton also moves for in forma pauperis status and the appointment of counsel.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Upon review, we affirm the district court's decision for the reasons stated by the district court. First, the district court properly dismissed Hinton's *Bivens* claim for failure to exhaust administrative remedies. The Prison Litigation Reform Act requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The provisions of § 1997e(a) apply to both state and federal prisoners. *Porter,* 534 U.S. at 524, 122 S.Ct. 983; *Lavista v. Beeler,* 195 F.3d 254, 256 (6th Cir.1999). Federal prisoners raise grievances through the Bureau of Prisons' (BOP) Administrative Remedy Program. *See* 28 C.F.R. § 542.10, *et seq.* The only documents that Hinton attached to his complaint or petition related to his appeal of a disciplinary action. At no time did Hinton submit proof that he followed the proper administrative steps to bring his Eighth Amendment claims to the attention of the BOP before filing his *Bivens* action in federal court.

■ The district court also properly dismissed Hinton's challenge to his disciplinary conviction and loss of good-time credits. According to Parsons's incident report, she called for Hinton to return his food tray shortly after noon on September 9, 2001. Hinton ignored her. Hinton testified that he might have ·had a seizure that day, but did not recall. His cell-mate was also ·uncertain. A clinical evaluation later the same day showed no evidence that Hinton had suffered a seizure. Although there was evidence that Hinton has a seizure disorder, the Discipline Hearing Officer (DHO) determined that there was no credible evidence that Hinton suffered a seizure on the day in question. The BOP Regional Director and the Administrator of National Inmate Appeals upheld the DHO's decision. Upon review, we conclude that the DHO's decision was supported by sufficient evidence. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

■ Hinton's arguments on appeal are without merit. He protests that the district court failed to rule on his motion for the appointment of counsel, and that he should have been provided the opportunity to present additional evidence concerning the exhaustion of available administrative remedies. First, there is no right to counsel in prisoner civil rights cases. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir.1996). The appointment of counsel in a civil proceeding is justified only by exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 604–06 (6th Cir.1993). No exceptional circumstances were present in this case. Second, Hinton continues to confuse the exhaustion requirement of 42 U.S.C. § 1997e concerning prison conditions with the BOP's appeal process regarding disciplinary actions. Hinton's attempts to raise Eighth Amendment issues in appeals from a disciplinary conviction did not constitute exhaustion of his prison conditions claims.

There were no genuine issues as to any material fact, and Parsons was entitled to a judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). For the foregoing reasons, we grant the motion for in forma pauperis status for the limited purpose of deciding this appeal, deny Hinton's motion for the appointment of counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.