**Todd Edward EDMONDS,
Plaintiff–Appellant,**

v.

**Michael HORTON, Chief; Ann Hall,
Medical Director; Mudd, Doctor;
Daniels, Major; Monica Edmonds,
Classification person, Defendants–Appellees.**

No. 03–5417.

United States Court of Appeals,
Sixth Circuit.

Nov. 25, 2003.

Todd Edward Edmonds, pro se, Louisville, KY, for Plaintiff–Appellant.

Before MARTIN and MOORE, Circuit Judges; and MCKEAGUE, District Judge.*

*ORDER*

This pro se Kentucky state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment, and injunctive relief, Todd

Edward Edmonds sued five employees of the Jefferson County (Ky.) jail. Edmonds claimed that the defendants violated his First, Eighth, and Fourteenth Amendment rights. The district court dismissed Edmonds's complaint pursuant to 28 U.S.C. § 1915A for failure to exhaust administrative remedies under 42 U.S.C. § 1997e.

Edmonds appeals.

This court reviews de novo a district court's dismissal for failure to exhaust administrative remedies under § 1997e. *Burton v. Jones,* 321 F.3d 569, 574–75 (6th Cir.2003).

The district court properly dismissed the complaint. State and federal prisoners desiring to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Lavista v. Beeler,* 195 F.3d 254, 256 (6th Cir.1999). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *See id.* Although money damages may not be available through the prison grievance process, a prisoner must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999). The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

regulations. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard,* 193 F.3d 876, 878 (6th Cir.1999).

Edmonds has not met the burden of demonstrating that he exhausted all of his available administrative remedies. A prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir.2001). Thus, plaintiff is required to exhaust each claim as to each defendant. *Burton,* 321 F.3d at 574–75. Edmonds did not identify the defendants or grieve any particular act performed by them. In addition, Edmonds failed to exhaust his administrative remedies because he does not state that he went any further than presenting his grievance to the initial stage of the grievance process. There is no indication in the complaint that Edmonds moved on to the next step in the process, as he is entitled to do after the expiration of the response time limit.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.