**Tom COLLINS, Plaintiff–Appellant,**

v.

**Mickey RAY, Regional Director; Mark A. Bezy, Warden, Defendants–Appellees.**

**No. 03–3892.**

United States Court of Appeals, Sixth Circuit.

Feb. 2, 2004.

Tom Collins, Lisbon, OH, for Plaintiff–Appellant.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

*ORDER*

Tom Collins moves to remand this case to the district court on appeal from a district court judgment that dismissed without prejudice his civil rights complaint filed under the authority enunciated in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Collins filed his complaint in the district court alleging that he was improperly con-

---

\* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

fined in segregation after he was suspected of assaulting a fellow inmate. Collins sought declaratory and injunctive relief and money damages. The district court dismissed the complaint sua sponte for failure to exhaust administrative remedies. Collins filed a timely notice of appeal. On appeal, Collins reiterates his contention that he was improperly held in segregation and contends that no administrative remedies are available to him. In addition, Collins has filed a motion to remand this case to the district court on the ground that he now has exhausted available administrative remedies.

Upon de novo review, *see White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997), we will affirm the judgment for the reasons stated by the district court in its memorandum of opinion and order dated May 30, 2003. The Prison Litigation Reform Act requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir.1999). The provisions of § 1997e(a) apply to both state and federal prisoners. *Lavista v. Beeler,* 195 F.3d 254, 256 (6th Cir.1999). Here, the district court properly held that Collins failed to exhaust his administrative remedies with respect to his *Bivens* claims. Collins must exhaust administrative remedies even though some of the relief he sought is not available through the administrative process. *Booth,* 532 U.S. at 740–41, 121 S.Ct. 1819. Finally, Collins's contention in his motion to remand that administrative rem-

edies have now been exhausted is unavailing because he was required to exhaust these remedies before filing suit. *See Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). Under these circumstances, the district court properly dismissed Collins's complaint without prejudice for failure to exhaust available administrative remedies.

For the foregoing reasons, the motion to remand is denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.