**Joseph MORGAN, Plaintiff–Appellant,**

v.

**TENNESSEE DEPARTMENT OF CORRECTIONS; Flora J. Holland, Warden, Middle Tennessee Correctional Complex, Defendants–Appellees.**

No. 03–5810.

United States Court of Appeals, Sixth Circuit.

March 17, 2004.

Joseph Morgan, Nashville, TN, pro se.

Stephanie R. Reevers, Asst. Atty. General, Nashville, TN, for Defendant–Appellee.

Before: MERRITT and DAUGHTREY, Circuit Judges; and HOOD, District Judge.[*]

### ORDER

Joseph Morgan, a pro se Tennessee prisoner, appeals a district court order denying his motion for a preliminary injunction in his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Morgan brought this action against the Tennessee Department of Corrections and Flora Holland, Warden of the Middle Tennessee Correctional Complex, seeking to enjoin the defendants from continuing to segregate him from the general prison population. The district court denied the motion and dismissed the action without prejudice after concluding that Morgan failed to plead the exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a). The dismissal was without prejudice to Morgan's right to refile after he has exhausted all available administrative remedies. This appeal followed. Morgan has filed a petition for a writ of mandamus, and a motion to submit a revised motion for injunction.

We review a district court's decision denying a preliminary injunction for an abuse of discretion. *See Dixie Fuel Co. v. Comm'r of Soc. Sec.*, 171 F.3d 1052, 1060 (6th Cir.1999). In determining whether to grant a preliminary injunction, the court must consider several factors: 1) the plaintiff's likelihood of success on the merits; 2) whether the plaintiff may suffer irreparable harm absent the injunction; 3) whether granting the injunction will cause substantial harm to others; and 4) the impact of an injunction upon the public interest. *See id.* at 1059–60. While none of these four factors generally is given controlling weight, a preliminary injunction may not issue where no likelihood of success exists on the merits. *See Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.1997).

Upon review, we conclude that the district court did not abuse its discretion in denying the motion because Morgan has not demonstrated any likelihood of success on the merits. State and federal prisoners desiring to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Lavista*

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

304

*v. Beeler,* 195 F.3d 254, 256 (6th Cir.1999). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *See id.* Although money damages may not be available through the prison grievance process, a prisoner must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999). The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard,* 193 F.3d 876, 878 (6th Cir.1999).

As pointed out by the district court, it is not clear whether Morgan's segregation is punitive or administrative in nature. In any event, Morgan has failed to plead the exhaustion of administrative remedies through either the grievance or disciplinary procedures available to inmates in the custody of the Tennessee Department of Corrections.

Accordingly, the district court's order is affirmed, and the pending motions are denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.