Adrian CARLTON, Plaintiff–Appellant,

v.

Unknown TRIMBLE, named as
Corrections Officer, et al.,
Defendants–Appellees.

No. 03–2022.

United States Court of Appeals,
Sixth Circuit.

March 19, 2004.

Adrian Carlton, Baraga Maximum Correction Facility, Baraga, MI, pro se.

Before NORRIS and COLE, Circuit Judges; and ECONOMUS, District Judge.*

### ORDER

Adrian Carlton appeals a district court judgment that dismissed without prejudice his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Carlton filed his complaint in the district court alleging that he was assaulted by a fellow inmate while restraints were being removed from him, and that two defendant prison officials who were present did not intervene. The district court dismissed the complaint sua sponte for failure to exhaust administrative remedies. Carlton filed a timely notice of appeal. On appeal, Carlton contends that he substantially complied with the exhaustion requirement.

Upon de novo review, *see White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997), we will affirm the district court's judgment for the reasons stated by the district court in its opinion dated July 18, 2003. The Prison Litigation Reform Act requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999). The provisions of § 1997e(a) apply to both state and federal prisoners.

*See Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir.1999). The prisoner must plead his claims with specificity and demonstrate that he has exhausted all available administrative remedies by attaching the decision containing the administrative disposition of his grievance to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. *See Brown*, 139 F.3d at 1104. Unexhausted claims should be dismissed without prejudice. *See Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir.1999).

Here, the record reflects that the district court properly held that Carlton failed to completely exhaust his administrative remedies with respect to his claims. Carlton must completely exhaust administrative remedies even though some of the relief he sought is not available through the administrative process. *See Booth*, 532 U.S. at 741. Moreover, Carlton was required to exhaust these remedies before filing suit. *See Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir.1999). Under these circumstances, the district court properly dismissed Carlton's complaint without prejudice for failure to exhaust available administrative remedies.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.