Floyd R. LOOKER, Jr., Plaintiff–Appellant,

v.

Kathleen Hawk SAWYER; Linda Sanders, Defendants–Appellees.

No. 03–5077.

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2003.

Before BOGGS and SILER, Circuit Judges; and RICE, District Judge.*

* The Honorable Walter Herbert Rice, United States Chief District Judge for the Southern District of Ohio, sitting by designation.

## ORDER

Floyd R. Looker, Jr., a federal prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive and monetary relief, Looker alleges that he has been denied his First Amendment right to freely exercise his religion and that his First Amendment right of free speech has been improperly infringed upon because on May 19, 2002, FCI–Ashland, Kentucky Chaplain Schilder informed Looker that Messianic Jewish Fellowship services would no longer be held at FCI–Ashland. Looker attributes this decision to terminate Messianic Jewish Fellowship services to Chaplain Schilder and Warden Linda Sanders.

Looker's Eighth Amendment claim is based on his assertion that FCI–Ashland Chaplain Touchton and his successor, Chaplain Schilder, allegedly have inflicted cruel and unusual punishment upon Looker by their actions in: (1) terminating Messianic Jewish Fellowship Services at FCI–Ashland; (2) supposedly having "issued false and misleading information to the ... [Religious Issues Committee] ... in order to achieve his objective to destroy the ability of Looker to exercise his religious beliefs," and (3) not having provided what Looker deems to have been acceptable alternatives.

In a memorandum order filed November 15, 2002, the district court determined that Looker had not exhausted his administrative remedies with respect to his claims. The court dismissed the complaint without prejudice to Looker's ability to re-file his lawsuit once he had completed exhaustion of his administrative remedies. Looker's subsequent motion for reconsideration and combined motion to amend the complaint were denied. The district court also denied Looker's motion for injunctive relief. This appeal followed.

We review the dismissal of a prisoner civil rights complaint for failure to exhaust administrative remedies de novo. *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir.1999). The provisions of § 1997e(a) apply to both state and federal prisoners. *See Lavista v. Beeler,* 195 F.3d 254, 256 (6th Cir.1999). The prisoner must plead his claims with specificity and demonstrate that he has exhausted all available administrative remedies by attaching the decision containing the administrative disposition of his grievance to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. *See Brown,* 139 F.3d at 1104. Unexhausted claims should be dismissed without prejudice. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir.1999).

Upon review, we conclude that the district court properly held that Looker failed to exhaust his administrative remedies with respect to his *Bivens* claims. Looker has not adequately demonstrated that he exhausted his administrative remedies. No administrative remedy forms or copies of responses, thereto, were submitted at the time Looker filed his complaint. Further, Looker's attempt to remedy his failure to demonstrate exhaustion when he filed his motion for reconsideration was insufficient. As pointed out by the district court, at no place in his motion for reconsideration did Looker set forth that the issues presented in his complaint were sufficiently administratively exhausted. Further, at no place in this pleading did Looker definitively establish which documents were pertinent to each of his claims. Thus, Looker has not sufficiently established that he has properly exhausted his administrative remedies with respect to his *Bivens* claims. The dismissal without prejudice means, of course, that Looker is presumably free to refile once he can satisfy the exhaustion requirement. The remaining arguments on appeal are without merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.