### John Lee MOORER, Plaintiff–Appellant,

v.

Janette PRICE, Warden, in her individual and official capacities; Mark Sutherby, Rum, in his individual and official capacities; Shree Beardslee, Arus, in her individual and official capacities; Health Care Service; Michigan Department of Corrections, Defendants–Appellees.

No. 03–1429.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2003.

John Lee Moorer, pro se, Muskegon Correctional Facility, Muskegon, MI, for Plaintiff–Appellant.

Julia R. Bell, Kevin R. Himebaugh, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants–Appellees.

Before SILER, DAUGHTREY, and GIBBONS, Circuit Judges.

*ORDER*

This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, John Lee Moorer sued the warden of Michigan's Riverside Correctional Facility (Janette Price), a resident unit supervisor (Mark Sutherby), an assistant resident unit supervisor (Shree Beardslee), the Michigan Department of Corrections (MDOC), and Health Care Services (Health Care Services not served with process). Moorer sued the named defendants in their individual and official capacities. He claimed that the defendants violated his Eighth Amendment rights by exposing him to second-hand tobacco smoke ("ETS"-environmental tobacco smoke).

The district court dismissed Moorer's complaint pursuant to Fed.R.Civ.P. 12(b). Moorer appeals that judgment, and reasserts the claim set forth in the district court. However, Moorer does not appeal the dismissal of MDOC. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

This court reviews de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *James v. Meow Media, Inc.,* 300 F.3d 683, 689 (6th Cir.2002), *cert. denied,* 537 U.S. 1159, 123 S.Ct. 967, 154 L.Ed.2d 893 (2003); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109

(6th Cir.1995). When considering a Fed. R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord James,* 300 F.3d at 689.

■ The district court properly dismissed the complaint against Janette Price. Moorer did not claim that Price committed any act that violated his constitutional rights; rather, Moorer claimed that Price, as the warden of the facility, has an obligation to ensure that housing conditions are constitutionally sound. The district court properly dismissed that complaint against Price because Moorer failed to exhaust his administrative remedies against her. State and federal prisoners desiring to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Lavista v. Beeler,* 195 F.3d 254, 256 (6th Cir.1999). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *See id.* Although money damages may not be available through the prison grievance process, a prisoner must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999). The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard,* 193 F.3d 876, 878 (6th Cir.1999).

Moorer has not met the burden of demonstrating that he exhausted all of his available administrative remedies with respect to his claim against Price. A prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir.2001). Moorer did not identify Price or grieve any particular act performed by her. Accordingly, the district court's judgment with respect to defendant Price is affirmed.

■ The district court properly dismissed Moorer's claims against defendants Sutherby and Beardslee because they are entitled to qualified immunity from suit. Government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The court evaluates qualified immunity claims using a three-part inquiry. First, the court determines whether the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred. *Feathers v. Aey,* 319 F.3d 843, 848 (6th Cir.2003). Second, the court determines whether the right that was violated was a clearly established right of which a reasonable person would have known. *Id.* Finally, the court determines

whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of clearly established constitutional rights. *Id.* If the plaintiff's allegations do not establish a constitutional violation, then it is not necessary for the court to make any further inquiries with respect to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

A viable Eighth Amendment claim has objective and subjective components. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires that the injury be serious, *see Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and the subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter,* 501 U.S. 294, 302–03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Subjectively, a plaintiff must prove that defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847, 114 S.Ct. 1970. In the context of an inmate's "second-hand smoke" claim, a plaintiff must establish that he has a serious medical need for a smoke-free environment, *see Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992), or that, regardless of health, the level of ETS in the prison creates an unreasonable risk of serious damage to his future health. *See Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

The undisputed facts do not establish a constitutional violation. MDOC has enact-ed a policy to create a smoke-free environment and prohibits smoking in all MDOC occupied buildings, including prisoner housing units. *See* MDOC Policy Directive 01.03.140. Thus, the prison authorities' current attitudes and conduct reflect a "zero tolerance" for smoking in the housing units, and adoption of the no smoking policy bears heavily on the inquiry into deliberate indifference. *Helling,* 509 U.S. at 36, 113 S.Ct. 2475. Imperfect enforcement of the policy by defendants does not equate to deliberate indifference on their part. *See Franklin v. District of Columbia,* 163 F.3d 625, 636 (D.C.Cir.1998). The defendants also presented evidence that they were not deliberately indifferent to Moorer's ETS exposure because Moorer was moved two times at his request.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.