**Cornell MERCHANT, Plaintiff–Appellant,**

v.

**Kathleen M. HAWK–SAWYER; George E. Snyder, Defendants–Appellees.**

**No. 01–6244.**

United States Court of Appeals, Sixth Circuit.

May 7, 2002.

Before GUY and BATCHELDER, Circuit Judges; and COHN, District Judge.*

### ORDER

Cornell Merchant, a federal prisoner presently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, appeals pro se a district court judgment dismissing his complaint filed pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his complaint, Merchant alleged that he was subjected to a prolonged stay in administrative detention in the special unit of the Federal Correctional Institution in Manchester, Kentucky ("FCI–Manchester"), having been ordered there on June 23, 1999, pending an investigation of his involvement in a fight with or assault on another inmate. Merchant complained that after 16 months in administrative detention, he had still been given no explanation as to whether charges would be brought against him; he was housed in conditions there which "cause inmates emotional distress;" and he continued to be held, even though the other inmate involved in the fight had been released back into the prison population. Merchant claimed violations of (1) due process rights; (2) the Eighth Amendment prohibition against cruel and unusual punishment; and (3) his right to equal protection of the law.

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Merchant sought monetary relief from Warden George E. Snyder and Bureau of Prisons ("BOP") Director Kathleen M. Hawk–Sawyer; he also sought injunctive relief in the form of an order requiring Hawk–Sawyer to investigate the purported cruel and unusual punishment suffered at FCI–Manchester.

On January 22, 2001, after screening the complaint, the district court dismissed all claims for damages against Hawk–Sawyer and the claim for damages against defendant Snyder in his official capacity. On September 17, 2001, the district court granted summary judgment for the defendants on Merchant's constitutional claims. This timely appeal followed. Merchant's appellate brief contains a request for the appointment of counsel.

The district court's order granting summary judgment is reviewed de novo. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir.2000), *cert. denied*, 533 U.S. 951, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Upon review, we conclude that the district court properly dismissed Merchant's claims regarding his conviction for assault while in the segregation housing unit and his subsequent transfer to a more secure facility. Merchant did not exhaust his available administrative remedies with respect to these claims. *See* 42 U.S.C. § 1997e(a); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir.1999); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). Even if Merchant had demonstrated exhaustion of his administrative remedies with regard to these claims, the defendants were enti-tled to judgment as a matter of law on these claims. Merchant has no constitutional right to be held in a specific security classification, *see Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), nor does he have a constitutional right to placement in any particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir.1995). Furthermore, Merchant's maximum security classification and transfer to a more secure facility are simply the "ordinary incidents of prison life," which do not implicate an inmate's protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). We also note that Merchant's claims for injunctive relief are moot because he has been transferred to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

■ The defendants were entitled to judgment as a matter of law on Merchant's Eighth Amendment claim. Merchant presented no evidence that he was denied basic human needs or was otherwise subjected to cruel and unusual punishment by virtue of the conditions in administrative detention or disciplinary segregation. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). In any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e)

precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury."

■ The defendants were entitled to a judgment as a matter of law to the extent that Merchant claimed that his 21-month[1] stay in the special housing unit was arbitrary or achieved at the expense of his due process protections. Merchant's 21-month confinement in the special housing unit does not give rise to a protected Fourteenth Amendment liberty interest because it is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484.

The defendants were entitled to a judgment as a matter of law on Merchant's equal protection claim because Merchant has failed to allege that he is a member of a suspect class, or state how the person claimed to have been afforded favorable treatment was similarly situated to Merchant. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

Accordingly, the request for the appointment of counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

1. It appears that Merchant's detention in the Special Housing Unit (SHU) began when he was charged with attacking another inmate on June 23, 1999, and was placed on Administrative Detention (AD) pending investigation. Ultimately, neither criminal charges nor disciplinary action were pursued because the victim recanted his identification. While on AD status, however, Merchant assaulted another inmate and was found guilty of several disciplinary violations relating to the incident on March 23, 2000. Merchant remained in the SHU on Disciplinary Segregation status from April 16 through June 20, 2000. Then, as a result of the disciplinary violations, he was detained on AD status pending his transfer to a higher security level institution. Merchant was released from AD status for transfer on February 23, 2001, and was placed in general population at a new institution on March 14, 2001.