**Bobbie C. ADAMS, Plaintiff–Appellant,**

v.

**Brenda ROCKAFELLOW, et al.,**
**Defendants–Appellees.**

No. 02–2118.

United States Court of Appeals,
Sixth Circuit.

May 28, 2003.

Before RYAN and BATCHELDER, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

Bobbie C. Adams, a pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Adams was designated as a Security Threat Group member based on his sign-

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

ing a preference form to attend Melanic Palace of the Rising Sun worship services. The "Melanics" are a religious group that has been designated as a Security Threat Group under Michigan Department of Corrections (MDOC) policy. Mich. Dep't of Corr., Policy Directive 04.04.113, ¶ A. Adams refused to sign a renunciation form and credibly renounce membership in the religion. *See id.* at ¶ O. Whereupon he was taken to a cell and strip-searched. On the following day, Adams was strip-searched again and photographs were taken of a fraternity brand and a tattoo. About one month later, as a result of his Security Threat Group status, Adams lost his prison job.

Seeking: 1): an injunction to remove all information related to Security Threat Group status from his file; 2) to be returned to his former prison job with full back pay; 3) $100,000 compensatory damages; and 4) $100,000 punitive damages, Adams sued MDOC Inspector Brenda Rockafellow, Assistant Deputy Warden Huff, Chaplain "John Doe", and Sergeant Wakefied. Adams claimed that his constitutional rights were violated through harassment, abuse of authority, and ethnic and religious intimidation.

After satisfying itself that Adams had exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e, the district court dismissed the complaint against Chaplain "John Doe" and Sergeant Wakefield for failure to state a claim upon which relief may be granted. The magistrate judge recommended granting summary judgment in favor of defendant Huff in full, and recommended granting summary judgment in favor of Rockafellow as to all claims except Adams's Eighth Amendment claim against her. The district court adopted the report and recommendation in part and rejected it in part. The court granted summary judgment as to defen-

dant Huff as recommended, but also granted summary judgment as to defendant Rockafellow. Adams appeals.

In his timely appeal, Adams essentially reasserts his Eighth Amendment claim against defendant Rockafellow.

Initially, we note that Adams does not reassert any other constitutional claims against any of the other named defendants. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). The only issue remaining for consideration is Adams's claim that the strip-searches violated his rights under the Eighth Amendment.

This court reviews a judgment granting summary judgment de novo. *Moore v. Philip Morris Cos.,* 8 F.3d 335, 339 (6th Cir.1993); *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *LaPointe,* 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insuffi-

cient; there must be evidence upon which the jury could reasonably find for the plaintiff. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

Defendant Rockafellow was entitled to judgment as a matter of law on Adams's Eighth Amendment claim. Nowhere in Adams's pleadings does he even suggest that he was subjected to any physical injury whatsoever as a result of the strip-searches. Rather, Adams claims a mental or emotional injury as a result of the strip-searches. Title 42 U.S.C. § 1997e(e) precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Cassidy v. Indiana Dep't of Corr.,* 199 F.3d 374, 376–77 (7th Cir.2000); *Zehner v. Trigg,* 133 F.3d 459, 461 (7th Cir.1997); *Merchant v. Hawk–Sawyer,* 37 Fed.Appx. 143, 145 (6th Cir.2002); *Williams v. Gobles,* No. 99–7701, 2000 WL 571936, at *2 (6th Cir. May 1, 2000). Although § 1997e(e) does not define "physical injury," the developing case law in this area reflects the view that, consistent with Eighth Amendment jurisprudence, the predicate injury need not be significant, but must be more than de minimis. *See Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997) (physical injury required as predicate for emotional-distress claim must simply be more than de minimis); *see also Luong v. Hatt,* 979 F.Supp. 481, 485–86 (N.D.Tex.1997) (physical injury must be more than de minimis to satisfy § 1997e(e)). Adams's physical injury is less than de minimis; it is non-extant. Thus, there exists no predicate for his emotional distress claim.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.